IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BRODY SCOTT JACKSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| **GREAT NORTHERN INSURANCE CO.,** ) | |
| **ET AL.** ) | |
| ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, Defendant Great Northern Insurance Company gives notice of the removal of this cause from the Circuit Court of Limestone County, Alabama, (formerly Limestone County Circuit Court Case No. CV2011-900206) to this Honorable Court, and as grounds therefore state the following:

1.   This lawsuit was originally filed on September 20, 2011, in the Circuit Court of Limestone County, Alabama, and assigned case number CV2011-900206. Plaintiff named Great Northern Insurance Company as the sole defendant in the complaint, other than fictitious parties.

2.   The defendant was served with the Summons and Complaint on September 27, 2011. As a result, this Notice of Removal is filed within 30 days of the date of service of the Summons and Complaint upon the only named defendant. Therefore, this Notice of Removal has been filed within the time allowed by law under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

3. Pursuant to 28 U.S.C. § 1446(d), Defendant has this day served a copy of this Notice on the Clerk of the Circuit Court of Limestone County, Alabama by filing it with the court's electronic filing system.

4. Defendant attaches the following documents in support of this Notice of Removal:

   a. Complaint, in which Plaintiff demands a judgment based upon, among other considerations "the cost of hospital, physician, rehabilitation, and pharmaceutical bills" and also avers Great Northern Insurance Company to be a foreign corporation (Exhibit A);

   b. Notice of Service (Exhibit B);

   c. Correspondence from Plaintiff's counsel (redacted) dated July 25, 2011, in which he represents the Plaintiff's total medical bills to be $114,091.05 (Exhibit C);

   d. Calculation of special damages provided as an enclosure to the July 25, 2011, correspondence (Exhibit B) in which Plaintiff's counsel calculates the Plaintiff's total medical bills to be $114,091.05 (Exhibit D); and

   e. Affidavit establishing Great Northern Insurance Company's state of incorporation as Indiana and principal place of business as New Jersey (Exhibit E).

## DIVERSITY JURISDICTION

5. This removal is based on diversity jurisdiction. 28 U.S.C. § 1332.

6. To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a).

Moreover, the action must be brought "between citizens of different States." 28 U.S.C. § 1332(a)(1).

I. **PLAINTIFF IS COMPLETELY DIVERSE FROM DEFENDANTS.**

7. Plaintiff is a resident citizen of Limestone County, Alabama. (*See* Exhibit A, Complaint at ¶ 1.).

8. A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant . . . such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business . . .". 28 U.S.C. §1332(c)(1).

9. Defendant Great Northern Insurance Company is an Indiana corporation with its principal place of business in New Jersey (*See* Exhibit E).

10. This is not a direct action against the insurer of a policy or contract of liability insurance; therefore, Great Northern Insurance Company is not deemed to be a citizen of the State of which the insured is a citizen.

11. The citizenship of defendants sued under fictitious names is to be disregarded pursuant to 28 U.S.C. 1441(a).

12. Because Plaintiff's state of citizenship is completely diverse from the sole named Defendant's state of citizenship, complete diversity of citizenship exists.

II. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

13. In addition, the amount in controversy in this case exceeds $75,000.00.

3

14. In the present case, Plaintiff demands a judgment against Defendant on the claims of negligence (Count I), wantonness (Count II), and uninsured/underinsured motorist (Count III). Although Plaintiff seeks unspecified compensatory and punitive damages (*see* Complaint at *ad damnum* clause), the requisite amount in controversy is apparent from the amount of medical bills calculated by the Plaintiff and submitted to the Defendant in support of his claim.

15. Where the Plaintiff has not pled a specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Pretka v Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) citing *Williams v. Best Buy Co., Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001) and further citing *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072 (11th Cir. 2000).

16. A removing defendant may submit a wide range of its own evidence in order to satisfy the jurisdictional requirements of removal, such as affidavits, declarations, or other documentation, and the types of evidence that may be used are unlimited. *Pretka,* 608 F.3d at 755.

17. When determining if a defendant has satisfied the burden of establishing jurisdiction by a preponderance of the evidence, the court will first consider "whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiff, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount is controversy requirement is satisfied." *Id* at 754 citing *Moore's Federal Practice* Section 107.14[2][g] at 107-86.4 to 107-86.5 (3d ed. 2010).

18. Although Defendant denies that Plaintiff is entitled to recover in this case, Plaintiff's Complaint, supplemented by his own calculation of his medical bills, establishes the

requisite amount in controversy. Plaintiff asserts in his complaint that his damages include "the cost of hospital, physician, rehabilitation, and pharmaceutical bills". As evidenced by Exhibits C and D, Plaintiff calculates that these bills total $114,091.05.

19. As a result, the amount in controversy exceeds $75,000, exclusive of interest and costs, whereas plaintiff has provided copies of "hospital, physician, rehabilitation, and pharmaceutical bills" upon which his claim for damages is based in excess of this amount.

20. Based on the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441, *et seq.*

## SUPPLEMENTAL JURISDICTION

21. To the extent that any particular claim against any party may be found not to be within the Court's original jurisdiction, this Court has supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367, because any such claim would be so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

Submitted this the 25th day of October, 2011.

*/s/ Anne G. Burrows*
Anne G. Burrows
Bar No.: ASB-3176-G58A
Attorney for Defendant
Hand Arendall LLC
102 South Jefferson Street
Athens, Alabama 35611
Telephone: (256) 232-0202
Fax: (256) 233-2407
E-Mail: aburrows@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing on all counsel of record via the Clerk of the Court's electronic filing system, this the 25th day of October, 2011.

Tommy Siniard, Esq.
SINIARD TIMBERLAKE AND LEAGUE
125 Holmes Avenue
P. O. Box 2767
Huntsville, Alabama 35804
siniard@law-injury.com

*/s/ signature*

EXHIBIT "A"

ELECTRONICALLY FILED
9/20/2011 3:32 PM
CV-2011-900206.00
CIRCUIT COURT OF
LIMESTONE COUNTY, ALABAMA
CHARLES PAGE, JR., CLERK

IN THE CIRCUIT COURT OF LIMESTONE COUNTY,

BRODY SCOTT JACKSON,

*Plaintiff*,

VS.                                        CIVIL ACTION NO:  CV11-

GREAT NORTHERN INSURANCE COMPANY; Defendants A and B, the owner and operator, respectively of the vehicle which collided with the vehicle Plaintiff was operating on the occasion of the accident made the basis of this suit; Defendant C, D, and E, the person, firm, or corporation, respectively, responsible, for the inspection, maintenance, and repair of the vehicle which collided with the vehicle Plaintiff was operating on the occasion of the accident made the basis of this suit; Defendants F, G, and H, the person, firm, or corporation, respectively, who was in control and direction of the trip being conducted by the Defendant at the time of the accident made the basis of this suit; Defendants I, J and K, the person, firm or corporation responsible for the accident made the basis of this suit; Defendants L, M and N, the person, firm, corporation or other legal entity guilty of negligence and/or wantonness as set forth in the Complaint; Defendants O, P and Q, the person, firm, corporation or other legal entity legally responsible for the legal wrongs referred to in the Complaint, all of whose true names are otherwise unknown but will be added by amendment when ascertained; Defendants R, S, and T, being the correct legal name of the individual, corporation, insurance company or other entity that issued policy of automobile insurance that covered Brody Scott Jackson for injuries caused by an uninsured/underinsured motorist at the time of the automobile collision described herein; Defendants U, V, and W, being the correct legal name of the individual, corporation, insurance company or other entity that issued policy of automobile insurance to City of Athens Utilities that covered Brody Scott Jackson for injuries caused by an uninsured/underinsured motorist at the time of the automobile collision described herein; Defendants X, Y, and Z, being the correct legal name of the individual, corporation, insurance company or other entity that issued policy of automobile insurance to Brody Scott Jackson's employer while he was in the line and scope of his duties for said employer and which covered Brody Scott Jackson for injuries caused by an uninsured/underinsured motorist at the time of the automobile collision described herein. There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery.  Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word entity as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations.

*Defendants*.

## COMPLAINT

1. Plaintiff, Brody Scott Jackson, was a resident of Limestone County, Alabama at the time of the accident made the basis of this litigation.

2. Defendant, Great Northern Insurance Company, is a foreign corporation doing business in Limestone County, Alabama.

3. The true names and identities of the other named Defendants are unknown to Plaintiff at this time and will be added by amendment in accordance with Rule 9 (h) of the Alabama Rules of Civil Procedure when the true names and identities are ascertained.

4. The accident complained of herein occurred in Limestone County, Alabama and the amount in controversy exceeds $10,000.

## COUNT I
## NEGLIGENCE

5. Plaintiff adopts and realleges the allegations in Paragraphs 1 through 4 as if they were set out in full.

6. On or about September 21, 2009, upon a public road or highway, to-wit: Glaze Road at or between its intersection with New Cut Road in rural Limestone County, Alabama, James Caleb Elders and/or Fictitious Defendants A-Z, negligently operated a motor vehicle, causing it to collide with a motor vehicle being driven by Brody Scott Jackson.

7. As a direct and proximate result of Defendants' negligence, Plaintiff, Brody Scott Jackson, suffered the following injuries and damages:

    a) bodily injury;
    b) the cost of hospital, physician, rehabilitation and pharmaceutical bills;
    c) future medical expenses;
    d) pain and suffering;
    e) future pain and suffering;
    f) great mental anguish.
    g) permanent impairment;
    h) loss of earnings;
    i) loss of ability to earn; and
    k) loss of and life long limitations of avocational pursuits and joys, such as athletic activities and hobbies.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount deemed appropriate under the circumstances, plus the costs of this action.

## COUNT II
## Wanton Conduct

8. Plaintiff adopts and realleges the allegations in Paragraphs 1 through 7 as if they were set out in full.

9. On or about September 21, 2009, upon a public road or highway, to-wit: Glaze Road at or between the intersection of New Cut Road in rural Limestone County, Alabama, James Caleb Elders and/or Fictitious Defendants A-Z, wantonly operated a motor vehicle, causing it to collide with a motor vehicle being driven by Brody Scott Jackson.

10. As a direct and proximate result of defendants' wantonness, Plaintiff, Brody Scott Jackson, suffered the following injuries and damages:

   a) bodily injury;
   b) the cost of hospital, physician, rehabilitation and pharmaceutical bills;
   c) future medical expenses;
   d) pain and suffering;
   e) future pain and suffering;
   f) great mental anguish.
   g) permanent impairment;
   h) loss of earnings;
   i) loss of ability to earn; and
   k) loss of and life long limitations of avocational pursuits and joys, such as athletic activities and hobbies.

11. Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount that a jury deems appropriate under these circumstances, plus the costs of this action.

## COUNT III
## UNINSURED/UNDERINSURED MOTORIST –
## GREAT NORTHERN INSURANCE COMPANY

12. Plaintiff adopts and realleges the allegations in Paragraphs 1 through 11 as if they were set out in full.

13. On or about September 21, 2009, upon a public road or highway, to-wit: Glaze Road at or between the intersection of New Cut Road in rural Limestone County, Alabama, the Plaintiff, Brody Scott Jackson, was injured when the motor vehicle he was operating was struck by a vehicle operated by James Caleb Elders, an uninsured/underinsured motorist. The vehicle was negligently or wantonly operated by an uninsured/underinsured motorist.

14. As a direct and proximate result of the negligence or wantonness of said uninsured/underinsured motorist, Plaintiff, Brody Scott Jackson, suffered the following injuries and damages:

   a) bodily injury;

      b)    the cost of hospital, physician, rehabilitation and pharmaceutical bills;
      c)    future medical expenses;
      d)    pain and suffering;
      e)    future pain and suffering;
      f)    great mental anguish.
      g)    permanent impairment;
      h)    loss of earnings;
      i)    loss of ability to earn; and
      k)    loss of and life long limitations of avocational pursuits and joys, such as athletic activities and hobbies.

15. Brody Scott Jackson is entitled to punitive damages.

16. The injuries and damages of the Plaintiff, Brody Scott Jackson, were caused by an uninsured/underinsured motorist and, therefore, there is no known insurance coverage available for the party at fault.

17. Prior to the collision heretofore described, Defendants, Great Northern Insurance Company and/or Fictitious Defendants A - Z, for and in consideration of a valuable premium agreed to and paid by the Plaintiff's employer, City of Athens Utilities and/or Fictitious Defendants X, Y, and Z, issued a policy of automobile insurance, insuring *inter alia*, Plaintiff against loss or injury arising from an automobile collision involving an uninsured/underinsured motor vehicle.

18. On or about September 21, 2009, while said policy of insurance was still in full force and effect, Plaintiff, Brody Scott Jackson, suffered serious bodily injury when the vehicle which he was operating was struck by the motor vehicle driven by James Caleb Elders. The accident was caused by negligence and/or wantonness of this uninsured/underinsured motorist.

19. After the accident, within the time limit set forth in the insurance policy, Plaintiff, Brody Scott Jackson, notified Defendants, Great Northern Insurance Company and/or Fictitious Defendants A - Z of said accident and the injuries he sustained.

WHEREFORE, Plaintiff, Brody Scott Jackson, makes a claim for all available uninsured/underinsured motorist coverage provided by Defendants, Great Northern Insurance Company and/or Fictitious Defendants A through Z, which were in full force and effect at the time of the occurrence made the basis of Plaintiff's complaint, plus interest and costs.

**GENERAL AVERMENTS**

20. Plaintiff adopts and realleges the allegations in Paragraphs 1 through 19 as if they were set out in full.

21. In addition to the specific allegations set forth above, Plaintiff further avers that the negligence or wantonness of all Defendants combined and concurred to cause Plaintiff's injuries.

22. Plaintiff avers that each fictitiously described Defendant negligently and/or wantonly caused or allowed the vehicle operated by James Caleb Elders to collide with the

vehicle which Plaintiff was operating. The true names and identities of each fictitiously described defendant is unknown to Plaintiff at this time and will be added by amendment in accordance with Rule 9 (h) of the Alabama Rules of Civil Procedure when the true names and identities are ascertained.

23. Plaintiff further avers that Defendants R through Z, issued a policy or policies of automobile insurance that provided uninsured/underinsured motorist coverage to Plaintiff and that said policy or policies were in full force and effect at the time of said automobile accident and provided coverage for the injuries Plaintiff sustained. The true names and identities of each fictitiously described Defendant is unknown to Plaintiff at this time and will be added by amendment in accordance with Rule 9 (h) of the Alabama Rules of Civil Procedure when the true names and identities are ascertained.

WHEREFORE, Plaintiff, Brody Scott Jackson, demands judgment against Defendants in an amount deemed appropriate under the circumstances plus the costs of this action.

/s/ Tommy H. Siniard
Tommy H. Siniard (SIN 008)

SINIARD, TIMBERLAKE & LEAGUE, P.C.
Attorneys for Plaintiff
125 Holmes Avenue
P.O. Box 2767
Huntsville, AL  35804
(256) 536-0770
siniard@law-injury.com

**Serve Defendants by Certified Mail as follows:**

Great Northern Insurance Company
15 Mountainview Road
Warren, NJ  07059

**PLAINTIFF'S ADDRESS:**

Brody Scott Jackson
20299 Edgewood Road
Athens, Alabama  35614

**EXHIBIT "B"**



AlaFile E-Notice

44-CV-2011-900206.00
Judge: ROBERT M. BAKER

To: SINIARD THOMAS HOYT
siniard@law-injury.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF LIMESTONE COUNTY, ALABAMA

BRODY SCOTT JACKSON V. GREAT NORTHERN INSURANCE CO.
44-CV-2011-900206.00

The following matter was served on 9/27/2011

**D001 GREAT NORTHERN INSURANCE CO.**

CERTIFIED MAIL

CHARLES PAGE, JR.
CIRCUIT COURT CLERK
LIMESTONE COUNTY, ALABAMA
COURTHOUSE SQUARE
ATHENS, AL 35611

256-233-6406
charles.page@alacourt.gov

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to:<br><br>GREAT NORTHERN INSURANCE CO.<br>15 MOUNTAINVIEW ROAD<br>WARREN, NJ 07059 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>CV-11-900206 |
| | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)  ☒ Yes |
| 2. Article Number<br>(Transfer from service label) | 7009 3410 0000 1006 5383 |
| PS Form 3811, February 2004 | Domestic Return Receipt   102595-02-M-1540 |

0354

# THE LAW FIRM OF
# SINIARD, TIMBERLAKE & LEAGUE, P.C.

TOMMY H. SINIARD
MICHAEL K. TIMBERLAKE
WILL LEAGUE

MARY SCOTT HUNTER
CHRISTOPHER M. WOOTEN
HEATH BROOKS*

July 25, 2011

**RECEIVED JUL 28 2011 By____**

MAILING ADDRESS
P.O. BOX 2767
HUNTSVILLE, AL 35804
256•536•0770
Fax: 256•539•0540
www.law-injury.com

*also admitted in Georgia and Tennessee

Ms. Amy Fowler



Larry L. Cash, Esq.

RE:  Our Client:        Brody Scott Jackson
     Your Insured:      City of Athens Utilities (UIM Carrier)
     Date of Loss:      September 21, 2009

Dear Ms. Fowler and Mr. Cash:

I forward to you a comprehensive Settlement Brochure in the above-referenced matter. As you both realize, this is a very serious case that occurred on September 21, 2009. The accident occurred in rural Limestone County on Glaze Road near the intersection of New Cut Road.





125 HOLMES AT                    125 JEFFERSON



kwiktag®  096 131 935

Ms. Amy Fowler

Larry L. Cash, Esq.

July 25, 2011
Page Two.

His medical bills total $114,091.05.

Ms. Amy Fowler

~~[redacted]~~

Larry L. Cash, Esq.

~~[redacted]~~

July 25, 2011
Page Three.

    Please review the enclosed Brochure and contact me to see if we can discuss this matter. I have had good experience in these cases and I have likewise had good experiences with the professionalism of the lawyer involved in this case and the firm that he works for. I look forward to our candid discussions.

    Wishing you well, I am

                                   Sincerely,

                                   Tommy H. Siniard

THS/csl
Enclosures

# SETTLEMENT PACKAGE
# INDEX

## Brody Scott Jackson v. City of Athens Utilities
## File No. 7305-09

---

SPECIALS:      MEDICAL BILLS:                    $114,091.05 *

               **TOTAL SPECIALS:**              **$114,091.05 ***

                                          ***TO BE SUPPLEMENTED**

---

INCLUDED IN THIS PACKAGE:

1) Facts & Injury Statement

2) Alabama Uniform Traffic Accident Report

3) Medical Records of Brody Scott Jackson

   A) Athens Limestone Hospital

   B) Huntsville Hospital

   C) Encore Rehabilitation, Inc.

   D) SportsMed (Dr. John Walker)

   E) Nurses' Homecare, Inc.

   F) Coleman Dental

   G) Express Dental Care (Dr. Lyndon Campbell)

   H) The Orthopaedic Center (Dr. David B. Griffin)

    I)  The Surgery Center

4)  Medical Specials of Brody Scott Jackson

5)  Photos of Accident Scene

6)  Photos of Injuries

# Exhibit
## "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRODY SCOTT JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| GREAT NORTHERN INSURANCE CO., ) | |
| ET AL. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF JOY RALSTON

I, Joy Ralston, declare that the following is true and correct:

1. My name is Joy Ralston. I am over the age of nineteen years and competent to make this Declaration. I am a Senior Claim Examiner I for Chubb & Son, a division of Federal Insurance Company, which is the Manager of Great Northern Insurance Company, and I have personal knowledge with respect to all the matters set forth herein.

2. Great Northern Insurance Company was incorporated in the State of Indiana. Its primary place of business is New Jersey.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 21 day of October, 2011.

[signature on following page]

1



Chubb & Son, a division of Federal Insurance Company
Manager of Great Northern Insurance Company

by: _____
Joy Ralston
Senior Claim Examiner I

STATE OF GEORGIA)
___Fulton___ COUNTY)

Sworn and subscribed before me on this the
_21_ day of October, 2011.

_____
NOTARY PUBLIC FOR THE STATE OF
GEORGIA AT LARGE

2